UNITED STATES OF AMERICA

IN DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW COOK,

Plaintiff,

Case No. 26-cv-1485

-v-

BAUER SHEET METAL & FABRICATING, LLC

Defendant.
______________________________/

JOEY S. NISKAR (P55480)
The Niskar Law Firm, PLLC
Attorney for Plaintiff
P.O. Box 252917
West Bloomfield, MI 48325
(248) 702-6262
joey@wrongfullydischarged.com

______________________________/

## **Complaint and Demand for Jury Trial**

NOW COMES the plaintiff, Andrew Cook, by and through his counsel, The Niskar Law Firm, PLLC, and in support of his complaint against the defendant hereby states as follows:

## A. Statement of Jurisdiction and Venue

1. Plaintiff, Andrew Cook, is a resident of the County of Muskegon, State of Michigan.

2. Defendant, Bauer Sheet Metal & Fabricating, LLC (hereafter "Bauer") is a Michigan limited liability company with its principal place of business located in the City of Muskegon, County of Muskegon, State of Michigan, and which conducts regular and ongoing business within the geographic boundaries of the judicial district of the Western District of Michigan, Southern Division.

3. As the defendant resides in and/or conducts regular and ongoing business in the County of Muskegon, in the State of Michigan, this Honorable Court possesses personal jurisdiction over the defendant and venue is proper pursuant to 28 USC § 1391.

4. Plaintiff alleges violations of The Civil Rights Act of 1866, 42 USC § 1981 (hereafter "section 1981"), and Title VII of the Civil Rights Act of 1964, as amended, 42 USC § 2000e, *et seq* (hereafter "Title VII"). Therefore, this Honorable Court possesses original subject matter jurisdiction pursuant to 28 USC § 1331 and 28 USC § 1343(4).

5. This Honorable Court possesses supplemental jurisdiction over plaintiff's state law claims pursuant to 28 USC § 1367.

## B. Non-Exhaustive Factual Allegations

Plaintiff incorporates all prior averments, as if fully set forth herein.

6. Plaintiff worked for defendant as project manager. Plaintiff's co-workers frequently made racist and homophobic comments in the workplace. Plaintiff reported the comments to defendant's management, but defendant failed to take timely and proper action to stop the comments and behavior.

7. On July 26, 2024, plaintiff sent an e-mail to defendant's operations manager, Ron Sejat, in which plaintiff complained about and objected to his co-workers making racist and

homophobic comments in the workplace. Defendant again failed to take timely and proper action to stop the comments and behavior.

8. At around 8:36 a.m. on October 4, 2024, plaintiff's co-worker, Larry S., made a racist comment in a group e-mail to which plaintiff was a party. At around 12:14 p.m. that day, plaintiff sent an e-mail to Larry S., Mr. Sejat and others complaining of and objecting to the subject racist comment.

9. At around 12:11 p.m. on October 4, 2024, plaintiff sent an e-mail to a co-worker, Don J., and others including Mr. Sejat in which plaintiff objected to Don J. using homophobic and racist terms in the workplace, including the word "n-gger." Plaintiff also objected to and expressed opposition to racist comments and behavior in the workplace being tolerated by management.

10. At around 1:21 p.m. on October 4, 2024, plaintiff spoke with Mr. Sejat on the phone. At that time, Mr. Sejat terminated plaintiff's employment because of plaintiff's reports and complaints about racist and/or homophobic comments and behavior in the workplace. During the conversation, Mr. Sejat specifically referenced plaintiff's e-mail complaint about Larry S's 8:36 a.m. e-mail from earlier that day as being a reason for the termination.

## C. Count I – Violations of The Civil Rights Act of 1866, 42 USC § 1981 – Retaliation

Plaintiff incorporates all prior averments, as if fully set forth herein.

11. Plaintiff is a "person" within the meaning and contemplation of the Civil Rights Act of 1866, specifically 42 USC § 1981(a).

12. Defendant was subject to the prohibitions against retaliation proscribed by 42 USC § 1981.

13. Defendant violated 42 USC § 1981 by, *inter alia*:

 a. Unlawfully terminating plaintiff because he engaged in protected activity under section 1981; and/or
 b. Unlawfully terminating plaintiff because he opposed acts or practices made unlawful by section 1981 and/or which he reasonably believed were unlawful under section 1981.

14. Defendant's violation(s) of 42 USC § 1981 were done with malice and/or reckless indifference to the plaintiff's rights, thereby subjecting the defendant to punitive damages, in addition to all other damages available at law.

15. As a direct and proximate result of the defendant's violations of 42 USC § 1981, plaintiff has incurred all damages available at law, both past, present and into the future, including but not limited to lost wages, lost overtime wages, the value of lost employment benefits, loss of other compensation denied and lost, consequential damages, non-economic damages including emotional distress and/or mental anguish damages, any incurred medical expenses, punitive damages, interest, costs of litigation, and attorney fees. Plaintiff hereby seeks recovery of, and is entitled to recovery of, all such damages incurred, and those that will be incurred in the future (including front-pay).

16. In the event the Court deems reinstatement to be a remedy more appropriate than front-pay for future damages, then plaintiff, in the alternative, hereby seeks an injunctive order compelling defendant to reinstate plaintiff to his former position, compelling defendant to retroactively restore plaintiff's seniority rights and/or opportunities for promotion, declaring that the defendant violated 42 USC § 1981 in the aforementioned ways, enjoining defendant from further violations of 42 USC § 1981 against plaintiff and others, enjoining defendant from taking any adverse employment action against plaintiff in retaliation for exercising his rights under 42 USC § 1981, and enjoining defendant from taking any adverse employment action against plaintiff except upon a showing of just and good cause by clear and convincing evidence. Even if the Court orders such

reinstatement, plaintiff nevertheless is entitled to recover, and hereby seeks recovery of all other damages listed in this complaint, including back-pay, non-economic damages, the value of lost benefits, consequential damages, the costs of any medical care, attorney fees, punitive damages, costs, interest, etc.

## D. Count II – Violations of Title VII of the Civil Rights Act of 1964, as Amended, 42 USC § 2000e, *et seq*. – Retaliation

Plaintiff incorporates all prior averments, as if fully set forth herein.

17. Plaintiff was an "employee" of defendant within the meaning of Title VII of the Civil Rights Act of 1964, 42 USC § 2000e, *et seq*.

18. Defendant was an "employer" of plaintiff within the meaning of Title VII.

19. Defendant was subject to the prohibitions against retaliation proscribed by Title VII.

20. Defendant violated Title VII by, *inter alia*:

    a. Unlawfully terminating plaintiff because he engaged in protected activity under Title VII; and/or
    b. Unlawfully terminating plaintiff because he opposed acts or practices made unlawful by Title VII and/or which he reasonably believed were unlawful under Title VII

21. Defendant's violation(s) of Title VII were done with malice and/or reckless indifference to the plaintiff's rights, thereby subjecting the defendant to punitive damages, in addition to all other damages available at law.

22. As a direct and proximate result of the defendant's violations of Title VII, plaintiff has incurred all damages available at law, both past, present and into the future, including but not limited to lost wages, lost overtime wages, the value of lost employment benefits, loss of other compensation denied and lost, consequential damages, non-economic damages including emotional distress and/or mental anguish damages, any incurred medical expenses, punitive damages, interest, costs of litigation, and attorney fees. Plaintiff

hereby seeks recovery of, and is entitled to recovery of, all such damages incurred, and those that will be incurred in the future (including front-pay).

23. In the event the Court deems reinstatement to be a remedy more appropriate than front-pay for future damages, then plaintiff, in the alternative, hereby seeks an injunctive order compelling defendant to reinstate plaintiff to his former position, compelling defendant to retroactively restore plaintiff's seniority rights and/or opportunities for promotion, declaring that the defendant violated Title VII in the aforementioned ways, enjoining defendant from further violations of Title VII against plaintiff and others, enjoining defendant from taking any adverse employment action against plaintiff in retaliation for exercising his rights under Title VII, and enjoining defendant from taking any adverse employment action against plaintiff except upon a showing of just and good cause by clear and convincing evidence. Even if the Court orders such reinstatement, plaintiff nevertheless is entitled to recover, and hereby seeks recovery of all other damages listed in this complaint, including back-pay, non-economic damages, the value of lost benefits, consequential damages, the costs of any medical care, attorney fees, punitive damages, costs, interest, etc.

## E. Count III – Violations of the Michigan Elliott-Larsen Civil Rights Act, MCL § 37.2101, *et seq*. – Retaliation

Plaintiff incorporates all prior averments, as if fully set forth herein.

24. Plaintiff was an "employee" and/or "individual" within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCL § 37.2101, *et seq*. (herein referred to as the "ELCRA").

25. Defendant was an employer of plaintiff within the meaning and contemplation of the ELCRA.

26. Defendant was subject to the prohibitions against retaliation proscribed by the ELCRA.

27. Defendant violated the ELCRA by, *inter alia*:

   a. Unlawfully terminating plaintiff because he engaged in protected activity under the ELCRA; and/or
   b. Unlawfully terminating plaintiff because he opposed acts or practices made unlawful by the ELCRA and/or which he reasonably believed were unlawful under the ELCRA.

28. Defendant's violation(s) of the ELCRA were done with malice and/or reckless indifference to the plaintiff's rights, thereby subjecting the defendant to exemplary damages, in addition to all other damages available at law.

29. As a direct and proximate result of the defendant's violations of the ELCRA, plaintiff has incurred all damages available at law, both past, present and into the future, including but not limited to lost wages, lost overtime wages, the value of lost employment benefits, loss of other compensation denied and lost, consequential damages, non-economic damages including emotional distress and/or mental anguish damages, any incurred medical expenses, punitive damages, interest, costs of litigation, and attorney fees. Plaintiff hereby seeks recovery of, and is entitled to recovery of, all such damages incurred, and those that will be incurred in the future (including front-pay).

30. In the event the Court deems reinstatement to be a remedy more appropriate than front-pay for future damages, then plaintiff, in the alternative, hereby seeks an injunctive order compelling defendant to reinstate plaintiff to his former position, compelling defendant to retroactively restore plaintiff's seniority rights and/or opportunities for promotion, declaring that the defendant violated the ELCRA in the aforementioned ways, enjoining defendant from further violations of the ELCRA against plaintiff and others, enjoining defendant from taking any adverse employment action against plaintiff in retaliation for exercising his rights under the ELCRA, and enjoining defendant from taking any adverse employment action against plaintiff except upon a showing of just and

good cause by clear and convincing evidence. Even if the Court orders such reinstatement, plaintiff nevertheless is entitled to recover, and hereby seeks recovery of all other damages listed in this complaint, including back-pay, non-economic damages, the value of lost benefits, consequential damages, the costs of any medical care, attorney fees, punitive damages, costs, interest, etc.

WHEREFORE the plaintiff respectfully prays for judgment against the defendant for all compensatory damages (non-economic and economic), punitive damages, exemplary damages, and all other damages available at law, together with costs, interest and attorney fees incurred in having to investigate, pursue, litigate and prosecute the instant action.

Respectfully submitted,

THE NISKAR LAW FIRM, PLLC

By: /s/ Joey S. Niskar
JOEY S. NISKAR (P55480)
Attorney for Plaintiff
P.O. Box 252917
West Bloomfield, MI 48325
(248) 702-6262
joey@wrongfullydischarged.com

Dated: May 5, 2026

UNITED STATES OF AMERICA

IN DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW COOK,

Plaintiff,

Case No. 26-cv-1485

-v-

BAUER SHEET METAL & FABRICATING, LLC

Defendant.
______________________________/

JOEY S. NISKAR (P55480)
The Niskar Law Firm, PLLC
Attorney for Plaintiff
P.O. Box 252917
West Bloomfield, MI 48325
(248) 702-6262
joey@wrongfullydischarged.com

______________________________/

## DEMAND FOR JURY TRIAL

NOW COMES the plaintiff, Andrew Cook, by and through his attorneys, The Niskar Law Firm, PLLC, and hereby demands a trial by jury on all issues in this case.

Respectfully submitted,

THE NISKAR LAW FIRM, PLLC

By: /s/ Joey S. Niskar
JOEY S. NISKAR (P55480)
Attorney for Plaintiff
P.O. Box 252917
West Bloomfield, MI 48325
(248) 702-6262
joey@wrongfullydischarged.com

Dated: May 5, 2026